**FILED IN OPEN COURT**
U.S.D.C ATLANTA

SEP 2 5 2013

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 13-cr-369 |
| v. | ) | |
| | ) | Filed: |
| SETH D. LYNN, | ) | |
| | ) | Violations: |
| Defendant. | ) | 15 U.S.C. § 1 |
| | ) | 18 U.S.C. § 1349 |

## CRIMINAL INFORMATION

The United States of America, acting through its attorneys, charges:

1.      SETH D. LYNN is hereby made a defendant on the charges stated below.

## BACKGROUND

2.      When Georgia homeowners default on their mortgages, the mortgage holder, some of whom are financial institutions, can institute foreclosure proceedings through a non-judicial public real estate foreclosure auction ("public auction"). These public auctions typically take place at the county courthouse. At the auction, an auctioneer sells the property to the bidder offering the highest purchase price. Proceeds from the sale are then used to pay off the mortgage and other debt attached to the property. Any remaining proceeds are paid to the homeowner.

## DEFENDANT AND CO-CONSPIRATORS

3.    During the period covered by this Information, the defendant was engaged in the business of buying real estate at public auctions in the Northern District of Georgia and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

4.    Various entities and individuals, not made defendants in this Information, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

## COUNT ONE - BID-RIGGING CONSPIRACY

### (15 U.S.C. § 1)

5.    Each and every allegation contained in Paragraphs 1-4 of this Information is hereby realleged as if fully set forth in this Count.

## DESCRIPTION OF THE OFFENSE

6.    Beginning at least as early as February 6, 2007, and continuing thereafter until at least January 3, 2012, the exact dates being unknown to the United States, the defendant SETH D. LYNN and co-conspirators entered into and engaged in a combination and conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public auctions in Fulton County in the Northern District of Georgia ("rigged foreclosure properties"), in unreasonable restraint of interstate trade and

2

commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

7.     The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, to suppress competition by agreeing to refrain from or stop bidding against each other to purchase rigged foreclosure properties at non-competitive prices.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

8.     For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

a.     agreeing not to compete against each other to purchase rigged foreclosure properties;

b.     designating which co-conspirator would bid on the rigged foreclosure properties and which co-conspirators would refrain from bidding; and

c.     refraining from or stopping bidding for rigged foreclosure properties.

3

## TRADE AND COMMERCE

9.     During the period covered by this Count, the business activities of the defendant and his co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce.  For example, financial institutions located in states other than Georgia received proceeds from the public auctions that were subject to the bid-rigging conspiracy.

## JURISDICTION AND VENUE

10.     The combination and conspiracy charged in this Count was carried out, in part, in the Northern District of Georgia, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO - CONSPIRACY TO COMMIT MAIL FRAUD

### (18 U.S.C. § 1349)

The United States further charges:

11.     Each and every allegation contained in Paragraphs 1-4 of this Information is hereby realleged as if fully set forth in this Count.

4

## DESCRIPTION OF THE OFFENSE

12.     Beginning at least as early as February 6, 2007, and continuing thereafter until at least January 3, 2012, the exact dates being unknown to the United States, in Fulton County in the Northern District of Georgia and elsewhere, the defendant SETH D. LYNN and co-conspirators did willfully and knowingly combine, conspire, and agree with each other to violate Title 18, United States Code, Section 1341, namely, to knowingly devise and intend to devise and participate in a scheme and artifice to defraud financial institutions, homeowners, and others with a legal interest in rigged foreclosure properties, and to obtain money and property from financial institutions, homeowners, and others with a legal interest in rigged foreclosure properties by means of materially false and fraudulent pretenses, representations, or promises.

13.     The objects of the conspiracy were, among other things, to fraudulently acquire title to rigged foreclosure properties at artificially suppressed prices; to make payoffs to and receive payoffs from co-conspirators; and to divert money away from financial institutions, homeowners, or others with a legal interest in rigged foreclosure properties.

## MEANS AND METHODS OF THE CONSPIRACY

14.    For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

a.    purchasing rigged foreclosure properties at public auctions at artificially suppressed prices;

b.    negotiating payoffs with one or more co-conspirators in exchange for the agreements not to compete at public auctions;

c.    conducting secret, second auctions, open only to members of the conspiracy, to bid for title to rigged foreclosure properties;

d.    awarding rigged foreclosure properties to co-conspirators who submitted the highest bids at the secret, second auctions;

e.    in some cases, transferring title to rigged foreclosure properties into the names of the co-conspirators who submitted the highest bids at the secret, second auctions;

f.    distributing payoffs to co-conspirators that otherwise would have gone to financial institutions, homeowners, and others with a legal interest in the rigged foreclosure properties, in an amount based on a

6

predetermined formula agreed upon by the members of the conspiracy or through direct negotiations between co-conspirators;

      g.     making and causing to be made materially false and misleading pretenses or representations to trustees and others involved in the auction and sale of the rigged foreclosure properties; and

      h.     causing artificially suppressed purchase prices to be reported and paid to financial institutions and others with a legal interest in rigged foreclosure properties.

      15.     For the purpose of executing the scheme or artifice to defraud or attempting to do so, the defendant and co-conspirators knowingly used and caused to be used the United States Postal Service and any private or commercial interstate carrier, in violation of Title 18, United States Code, Section 1349.  For example, the defendant and co-conspirators did, among other things, cause foreclosure deeds and other documents granting title to rigged foreclosure properties to be sent or delivered by the United States Postal Service or private or commercial interstate carriers.  Mailings such as these were knowingly caused by the defendant and his co-conspirators and were foreseeable to the defendant and his co-conspirators in the ordinary course of business.

7

## OVERT ACTS

16.    In furtherance of the conspiracy and to effect the illegal objects thereof, the defendant and co-conspirators committed overt acts in the Northern District of Georgia and elsewhere, including, but not limited to, those acts stated in Paragraphs 14 and 15 of this Count.

## JURISDICTION AND VENUE

17.    The combination, conspiracy, and agreement charged in this Count was formed, in part, and carried out, in part, in the Northern District of Georgia, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1349.

## COUNT THREE - BID-RIGGING CONSPIRACY

### (15 U.S.C. § 1)

18.    Each and every allegation contained in Paragraphs 1-4 of this Information is hereby realleged as if fully set forth in this Count.

## DESCRIPTION OF THE OFFENSE

19.    Beginning at least as early as July 6, 2004, and continuing thereafter until at least January 3, 2012, the exact dates being unknown to the United States, the defendant SETH D. LYNN and co-conspirators entered into and engaged in a combination and conspiracy to suppress and restrain

8

competition by rigging bids to obtain selected properties offered at public auctions in DeKalb County in the Northern District of Georgia ("rigged foreclosure properties"), in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

20.    The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, to suppress competition by agreeing to refrain from or stop bidding against each other to purchase rigged foreclosure properties at non-competitive prices.

MEANS AND METHODS OF THE CONSPIRACY

21.    For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

a.    agreeing not to compete against each other to purchase rigged foreclosure properties;

b.    designating which co-conspirator would bid on the rigged foreclosure properties and which co-conspirators would refrain from bidding; and

9

c.     refraining from or stopping bidding for rigged foreclosure properties.

## TRADE AND COMMERCE

22.    During the period covered by this Count, the business activities of the defendant and his co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce. For example, financial institutions located in states other than Georgia received proceeds from the public auctions that were subject to the bid-rigging conspiracy.

## JURISDICTION AND VENUE

23.    The combination and conspiracy charged in this Count was carried out, in part, in the Northern District of Georgia, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT FOUR - CONSPIRACY TO COMMIT MAIL FRAUD

### (18 U.S.C. § 1349)

The United States further charges:

24.    Each and every allegation contained in Paragraphs 1-4 of this Information is hereby realleged as if fully set forth in this Count.

10

## DESCRIPTION OF THE OFFENSE

25.     Beginning at least as early as July 6, 2004, and continuing thereafter until at least January 3, 2012, the exact dates being unknown to the United States, in DeKalb County in the Northern District of Georgia and elsewhere, the defendant SETH D. LYNN and co-conspirators did willfully and knowingly combine, conspire, and agree with each other to violate Title 18, United States Code, Section 1341, namely, to knowingly devise and intend to devise and participate in a scheme and artifice to defraud financial institutions, homeowners, and others with a legal interest in rigged foreclosure properties, and to obtain money and property from financial institutions, homeowners, and others with a legal interest in rigged foreclosure properties by means of materially false and fraudulent pretenses, representations, or promises.

26.     The objects of the conspiracy were, among other things, to fraudulently acquire title to rigged foreclosure properties at artificially suppressed prices; to make payoffs to and receive payoffs from co-conspirators; and to divert money away from financial institutions, homeowners, or others with a legal interest in rigged foreclosure properties.

11

## MEANS AND METHODS OF THE CONSPIRACY

27.   For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

a.   purchasing rigged foreclosure properties at public auctions at artificially suppressed prices;

b.   negotiating payoffs with one or more co-conspirators in exchange for the agreements not to compete at public auctions;

c.   conducting secret, second auctions, open only to members of the conspiracy, to bid for title to rigged foreclosure properties;

d.   awarding rigged foreclosure properties to co-conspirators who submitted the highest bids at the secret, second auctions;

e.   in some cases, transferring title to rigged foreclosure properties into the names of the co-conspirators who submitted the highest bids at the secret, second auctions;

f.    distributing payoffs to co-conspirators that otherwise would have gone to financial institutions, homeowners, and others with a legal interest in the rigged foreclosure properties, in an amount based on a predetermined formula agreed upon by the members of the conspiracy or through direct negotiations between co-conspirators;

g.    making and causing to be made materially false and misleading pretenses or representations to trustees and others involved in the auction and sale of the rigged foreclosure properties; and

h.    causing artificially suppressed purchase prices to be reported and paid to financial institutions and others with a legal interest in rigged foreclosure properties.

28.    For the purpose of executing the scheme or artifice to defraud or attempting to do so, the defendant and co-conspirators knowingly used and caused to be used the United States Postal Service and any private or commercial interstate carrier, in violation of Title 18, United States Code, Section 1349.  For example, the defendant and co-conspirators did, among other things, cause foreclosure deeds and other documents granting title to rigged foreclosure properties to be sent or delivered by the United States Postal Service or private or commercial interstate carriers.  Mailings such as these were knowingly caused by the defendant and his co-conspirators and

13

were foreseeable to the defendant and his co-conspirators in the ordinary course of business.

## OVERT ACTS

29.    In furtherance of the conspiracy and to effect the illegal objects thereof, the defendant and co-conspirators committed overt acts in the Northern District of Georgia and elsewhere, including, but not limited to, those acts stated in Paragraphs 27 and 28 of this Count.

## JURISDICTION AND VENUE

30.    The combination, conspiracy, and agreement charged in this Count was formed, in part, and carried out, in part, in the Northern District of Georgia, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE,

SECTION 1349.

Date:

WILLIAM J. BAER
Assistant Attorney General

SCOTT D. HAMMOND
Deputy Assistant Attorney General for
Criminal Enforcement

MARVIN N. PRICE, JR.
Director of Criminal Enforcement

United States Department of Justice
Antitrust Division

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

NEZIDA S. DAVIS
Chief, Atlanta Office
Georgia Bar No. 642083

KAREN E. STEINER
Pennsylvania Bar No. 45314
Karen.Steiner@usdoj.gov

BARBARA W. CASH
Georgia Bar No. 743460
Barbara.Cash@usdoj.gov

Trial Attorneys
Atlanta Office
Antitrust Division
U.S. Department of Justice
75 Spring Street, S.W., Suite 1176
Atlanta, GA 30303
Tel:  (404) 331-7113
Fax:  (404) 331-7110

15